BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
YERVANT P. HAGOPIAN (Cal. Bar No. 327535)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0732
    Facsimile: (213) 894-0141
    E-mail:    yervant.hagopian@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-00263-JAK |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT CALEB LEE MONROE |
| v. | |
| CALEB LEE MONROE, | |
| Defendant. | |

1.   This constitutes the plea agreement between CALEB LEE MONROE ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

    a.   Participate in the Conviction And Sentence Alternative ("CASA") program, pursuant to the terms set forth in the CASA Program Contract attached as Exhibit A.

KWK

b.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as **Exhibit B** or a substantially similar form, which charges defendant with unauthorized use of access devices in violation of 18 U.S.C. §§ 1029(a)(2), 2(a).

c.    Not contest facts agreed to in this agreement.

d.    Abide by all agreements regarding sentencing contained in this agreement.

e.    Appear for all court appearances, including all CASA program appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

f.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

g.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

h.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

i.    If defendant successfully completes the CASA program, as a condition of and prior to any dismissal of criminal charges as the result of the successful completion of the CASA program, stipulate to the entry of a restitution order in the form attached to this agreement as Exhibit C or a substantially similar form, that (i) requires the continuing payment of restitution even if criminal

2

charges are dismissed as the result of successful completion of the CASA program; and (ii) consents to the Court's retention of jurisdiction for the purposes of imposing a contempt sanction if defendant knowingly fails to pay restitution as required following any dismissal of criminal charges.

j.    Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

k.    Before the entry of a change of plea, complete the Financial Disclosure Statement on a form provided by the USAO and deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

l.    Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

a.    Consent to defendant's participation in the CASA program, pursuant to the terms set forth in the CASA Program Contract attached as Exhibit A.

b.    Not contest facts agreed to in this agreement.

c.    If defendant successfully completes the CASA program and stipulates to the entry of a restitution order as required by subparagraph 2(i) above: (i) join in a motion to permit defendant to

withdraw the guilty pleas entered by defendant pursuant to this agreement, and (ii) move to dismiss the count to which defendant entered a guilty plea.

d.   If defendant does not successfully complete the CASA program: (i) abide by all agreements regarding sentencing contained in this agreement; and (ii) at the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSE

4.   Defendant understands that for defendant to be guilty of the crime charged in the single-count information, that is, using unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2), the following must be true: (1) defendant knowingly used the unauthorized access devices at any time during a one-year period; (2) by using the unauthorized access devices during that period, the defendant obtained things of value, their value together totaling $1,000 or more during that period; (3) defendant acted with the intent to defraud; and (4) defendant's conduct in some way affected commerce between one state and another state, or between a state of the United States and a foreign country.  An "unauthorized access device" is any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

5.   Defendant understands that for defendant to be guilty of the crime charged in the single-count information, that is, using

4

unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2) under a theory of aiding and abetting, in violation of 18 U.S.C. § 2(a), the following must be true: (1) someone else committed the crime of using unauthorized access devices; (2) defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of using unauthorized access devices; (3) defendant acted with intent to facilitate the crime of using unauthorized access devices; and (4) defendant acted before the crime was completed.

PENALTIES AND RESTITUTION

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1029(a)(2), as charged in the single-count information, is: 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to

5

which defendant is pleading guilty; and (b) any charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those charges.  The parties currently believe that the applicable amount of restitution is approximately $7,950, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

8.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

11. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On March 1, 2025, in Los Angeles County, within the Central District of California, defendant and two co-conspirators, each aiding and abetting each other, knowingly and with intent to defraud, used unauthorized access devices, and by such conduct obtained things of value aggregating at least $1,000 during the preceding one-year period, with said use having an effect on interstate commerce.

Specifically, on March 1, 2025, defendant, together with his co-conspirators, utilized stolen Electronic Benefit Transfer ("EBT") account information and corresponding personal identification numbers ("PINs") belonging to persons other than defendant and his co-conspirators, to withdraw or attempt to withdraw funds from numerous EBT bank accounts, which defendant knew did not belong to him. Defendant and his co-conspirators made the withdrawals or attempted withdrawals from Automated Teller Machines ("ATMs") owned by Wells Fargo Bank, whose deposits at all relevant times were insured by the Federal Deposit Insurance Corporation.  At all times, defendant knew that the victims' EBT account information and PINs had been stolen by "skimming" devices placed on ATMs or other point-of-sale devices to surreptitiously capture the account information and PINs, and that such information was "cloned" onto debit, credit or gift cards by altering the account information on those cards' magnetic stripes. Defendant and his co-conspirators then utilized the cloned cards to withdraw funds from victims' EBT accounts.

In total, defendant and his co-conspirators successfully withdrew approximately $7,950, and intended to withdraw approximately $17,411.62 more, from EBT bank accounts without authorization and using the stolen EBT account information.  Defendant and his co-conspirators jointly possessed at least 29 fraudulently encoded EBT

cards, each of which was an access device.  Defendant affected interstate commerce by way of his possession and use of the foregoing unauthorized access devices.

Defendant admits and agrees that he possessed five or more means of identification, namely fraudulently encoded EBT cards, which unlawfully were produced from, or obtained by the use of, another means of identification, namely the names and PINs of victims. Defendant further admits and agrees that the above-described conduct involved 10 or more victims.

SENTENCING FACTORS

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| 10+ Victims | +2 | U.S.S.G. § 2B1.1(b)(2)(A)(i) |
| Loss at Least $15,000 | +4 | U.S.S.G. § 2B1.1(b)(1)(C) |

9

| Possession of five or more means of unlawfully produced IDs | +2 | U.S.S.G. § 2B1.1(b)(11)(C)(ii) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  These specific offense characteristics may include additional offense levels from the table in U.S.S.G. § 2B1.1.

14.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

16.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel –– and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel –– and if necessary have the Court appoint counsel –– at every other stage of the proceeding.

d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.  The right to confront and cross-examine witnesses against defendant.

10

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

17.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND WAIVER OF COLLATERAL ATTACK

18.    Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 12 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it

is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $7,950; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

20.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 12 and the criminal history category calculated by the Court, the USAO gives up its right

to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $7,950.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

21.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable.  Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement.  Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

RESULT OF WITHDRAWAL OF GUILTY PLEA

22.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was

13

involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

24.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

25.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have

14

cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

26.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

27.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the

15

Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

30.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

BILAL A. ESSAYLI
Acting United States Attorney

*Yervant P. Hagopian*                                9/29/2025
_____          _____
YERVANT P. HAGOPIAN                                Date
Special Assistant United States
Attorney

_____          8-7-2025
CALEB LEE MONROE                                   _____
Defendant                                          Date

_____          8/7/2025
JOHN NEIL MCNICHOLAS                               _____
Attorney for Defendant                             Date
CALEB LEE MONROE

//

//

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had ample time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          8-7-2025
CALEB LEE MONROE                          Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am CALEB LEE MONROE's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____                _8/7/2025_____
JOHN NEIL MCNICHOLAS                             Date
Attorney for Defendant
CALEB LEE MONROE

19